IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | )<br>) 03   4227 |
| v. | ) |
| BOSTON MARKET CORPORATION, | ) COMPLAINT &<br>) JURY TRIAL DEMANDED |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and gender, retaliation, and constructive discharge, and to provide appropriate relief to Christine Gagliardi who was adversely affected by such practices. The Commission alleges that Defendant Boston Market Corporation violated the Americans With Disabilities Act[1] and Title VII of the Civil Rights Act of 1964[2] by creating and failing to remedy a hostile work environment by which Christine Gagliardi was subjected to unwelcome severe and pervasive physical abuse, comments and harassment on the basis of her disability (Asperger's Syndrome, Emotional Handicap, Learning Disabilities and Attention Deficit Hyperactivity Disorder) and gender (female), and for retaliating against her for complaining about the harassment. The Commission also alleges that Defendant Boston Market Corporation intentionally created an intolerable work atmosphere for Christine Gagliardi that forced her to quit involuntarily, resulting in her constructive discharge.

---

[1] "ADA."

[2] "Title VII."

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to: Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3); Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New York, Eastern District, Long Island Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and Title VII of the Civil Rights Act of 1964 and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6; by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3); and by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.  At all relevant times, Defendant, Boston Market Corporation (the "Employer"), a Delaware Corporation, has continuously been doing business in the State of New York and the City of Ronkonkoma, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and also under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Christine Gagliardi filed a charge with the Commission alleging violations of Title I of the ADA and Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Christine Gagliardi has been a qualified individual with a Disability under the ADA, 42 U.S.C. §12102(2).

9. Since on or about May 1999, Defendant Employer wilfully engaged in unlawful employment practices at its Boston Market store at 650 Portion Road, Ronkonkoma, New York in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 and in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2(a), 3(a) and 6. These practices include, but are not limited to, the following:

   a. During her time of employment with Defendant Employer, Christine Gagliardi was continually subjected to a hostile work environment and offensive harassing conduct, including but not limited to the following harassing conduct by Defendant Employer's supervisors, employees and/or agents: humiliating

Christine Gagliardi in front of others by yelling or screaming at her that she was not properly performing her tasks; making offensive comments to her because of her disability (including but not limited to comments such as: "You're a waste of space and I'm going to have you fired", "Go outside and weed the lawn, since that's all you're good for," "Since you have a job coach, there must be something VERY mentally wrong with you," calling her a "retard and too stupid to learn," and that she was "worthless and an embarrassment to Boston Market" because of her disabilities); offensively touching her in aggressive and/or sexually harassing ways on multiple occasions (including but not limited to grabbing her so hard that bruises were left on her body, grinding of a male employee's pelvic area against her buttocks; throwing her to the floor while another employee held her down by her wrists and another employee shouted "Get her legs"); subjecting her to lewd and sexually offensive and harassing comments on a regular basis; and subjecting her to lewd and sexually offensive and harassing gestures on a regular basis.

b. After Christine Gagliardi engaged in protected activity, including but not limited to complaining about the discriminatory practices described above, Defendant Employer retaliated against Christine Gagliardi by taking adverse action against her, including negatively affecting her terms and conditions of employment.

c. Defendant Employer constructively discharged Christine Gagliardi by intentionally creating an intolerable work atmosphere for Christine Gagliardi and creating, escalating and failing to eliminate the hostile environment that forced her to quit involuntarily, resulting in her constructive discharge.

10. Defendant Employer failed to exercise the requisite care to prevent and correct promptly the harassment and hostile environment and took insufficient or no remedial action.

11. Since at least May 1999 and thereafter, Defendant Employer has failed, in violation of Section 105 of the ADA, 42 U.S.C. § 12115, which incorporates by reference Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), and in violation of Title VII, to post and keep posted notices which have been prepared or approved by the Commission setting forth

4

excerpts from or summaries of the pertinent provisions of the ADA and Title VII and information pertinent to the filing of a charge or complaint, in that Defendant Employer posted invalid or unreliable phone numbers for making complaints of discrimination.

12. The effect of the practices complained of in paragraphs 9 through 11 above has been to deprive Christine Gagliardi of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and/or her gender.

13. The unlawful employment practices complained of in paragraphs 9 through 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 9 through 11 above were done with malice or with reckless indifference to the federally protected rights of Christine Gagliardi.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices, which discriminate on the basis of disability or sex, from engaging in retaliation and/or constructive discharge, and from engaging in any other employment practice which discriminates on the basis of disability or sex;

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and to women, and which eradicate the effects of its past and present unlawful employment practices;

  C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for employees engaging in protected activity, and which eradicate the effects of Defendant Employer's past and present unlawful employment practices;

  D. Order Defendant Employer to make whole Christine Gagliardi, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Order Defendant Employer to post and keep posted the notices required by Section 105 of the ADA, 42 U.S.C. § 12115, which incorporates by reference Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), and to post the notices required by Title VII.

  F. Order Defendant Employer to make whole Christine Gagliardi by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 11 above, including job search expenses and travel expenses, in amounts to be determined at trial.

  G. Order Defendant Employer to make whole Christine Gagliardi by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 through 11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  H. Order Defendant Employer to pay Christine Gagliardi punitive damages for its malicious and reckless conduct, as described in paragraphs 9 through 11 above, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York
   August 26, 2003

         Respectfully submitted,

         Eric S. Dreiband
         General Counsel

         James L. Lee
         Deputy General Counsel

         Gwendolyn Y. Reams
         Associate General Counsel

         EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
         1801 "L" Street, N.W.
         Washington, DC 20507

         /s/ Katherine E. Bissell
         Katherine E. Bissell (KB 1831)
         Regional Attorney

         Lisa Sirkin
         Supervisory Trial Attorney

         /s/ Judy Keenan
         Judy Keenan (JK 3083)
         Senior Trial Attorney

         New York District Office
         33 Whitehall St., 5th Floor
         New York, NY 10004-2112
         (212) 336-3705 [Judy Keenan direct line]
         (212) 336-3620 [General phone]
         Facsimile: (212) 336-3623