# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>CHRISTINE GAGLIARDI<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>BOSTON MARKET CORPORATION,<br>Defendant. | CIVIL ACTION NO.<br>CV-034227 (LDW) (WDW) |

## CONSENT DECREE

This action was initiated on August 26, 2003 by plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that defendant Boston Market Corporation violated the Americans With Disabilities Act (hereinafter "ADA") and Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII') by subjecting plaintiff-intervenor Christine Gagliardi to a hostile environment on the basis of her disability and sex (female), by retaliating against plaintiff-intervenor and by constructively discharging her. On February 13, 2004, the Court allowed Christine Gagliardi to intervene into this lawsuit.

Boston Market Corporation ("Boston Market") has denied all of the material allegations of the Complaint and the Intervenor Complaint and deny that plaintiff-intervenor was subjected to a hostile environment, retaliated against, constructively discharged or discriminated against in

any way. Boston Market denies that its notices and postings regarding its non-discrimination policies are or were deficient.

The parties agree that it is in their mutual interest to fully resolve the matter without further litigation. This agreement is not an admission of liability by defendant Boston Market Corporation.

EEOC, Christine Gagliardi and Boston Market Corporation hereby stipulate and consent to the entry of this Decree as final and binding between the parties entering this agreement and their successors or assigns.

The parties have agreed that this Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and **IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### General Provisions

1   This Decree resolves all of the issues raised by EEOC Charge No. 160-A2-0461, the complaint filed by the EEOC in this action, and the complaint filed by plaintiff-intervenor Gagliardi in this action. This Decree in no way affects EEOC's right to process any pending or future charges that may be filed against defendant in accordance with standard EEOC procedures, and to commence civil actions on any such charges.

2.   The parties agree that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3. No party shall contest the jurisdiction of the federal court to enforce this Decree or its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Decree by any other party.

4. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree.

5. Nothing in this Decree shall be construed to preclude any party from bringing proceedings to enforce this Decree in the event that any other party fails to perform any of the promises and representations contained herein.

6. Boston Market Corporation and its managers, officers, agents, successors, and assigns, agree that they will not: discriminate against any individual because of the individual's sex or mental, emotional, or learning disability; engage in harassment toward any employee on the basis of sex or mental, emotional, or learning disability; or engage in related retaliation or constructive discharge against any individual for reporting any such harassment or discrimination. For the purpose of enforcing this Decree, this paragraph applies only to the restaurants in Ronkonkoma, Smithtown, Selden, Commack, Shirley, Deer Park and East Islip, New York.

### Written Policy

7. Defendant Boston Market Corporation has adopted and will maintain the following statement of non-discrimination:

> Boston Market has zero-tolerance for unlawful discrimination, including harassment and sexual harassment, and for retaliation against employees who report such conduct, who cooperate in any company investigation into a violation of company policies, or who are involved in or who cooperate in any investigation by a governmental agency regarding complaints of discrimination, harassment or retaliation. These policies apply to employees at any and all activities, work related or not, if these activities impact the work environment. These policies

also apply to customers, suppliers and vendors. Employees who violate the policy will be disciplined up to and including termination.

Boston Market strongly believes that employees and applicants for employment should be treated fairly and without regard to race, color, sex, religion, national origin, age, disability, veteran status, or any other prohibited basis. This applies to all employment practices, including recruiting, hiring, pay, performance reviews, training and development, promotions, and other terms and conditions of employment. Discrimination or harassment of a Boston Market employee, whether by another employee, supplier, vendor or customer, will not be tolerated.

8. Defendant Boston Market Corporation has adopted and will maintain the complaint procedure attached as Appendix A for employees who believe that they have been discriminated against, harassed, or retaliated against and has distributed and will continue to distribute such policy to all employees.

a. In addition to the complaint procedure described in Appendix A, employees of defendant Boston Market Corporation may report incidents of discrimination, harassment, or retaliation to a member of the management team at any Boston Market Corporation location, to a Boston Market Corporation Human Resources Manager, by using the Open Door Process, or, within 60 days of the entry of this Decree, to a toll-free telephone number for reporting incidents of discrimination, harassment or retaliation.

b. Within 60 days of the entry of this Decree, defendant Boston Market Corporation will establish and maintain a functioning, toll-free telephone number for reporting incidents of discrimination, harassment or retaliation. The telephone will be answered by trained human resources personnel from 8:00 a.m. to 5:00 p.m., Monday through Friday. During other hours, this telephone line will have an outgoing recorded message containing information about the complaint reporting procedure and a listing of staffed hours, and will accept recorded messages.

9.      Within 30 days of the entry of this Decree, defendant Boston Market Corporation will develop and implement an investigation procedure for reported incidents of discrimination, harassment, or retaliation, and a disciplinary policy for employees who Boston Market determines in good faith and after a thorough, unbiased investigation have engaged in harassing, discriminatory or retaliatory behavior. Prior to implementation, EEOC will review and approve the proposed investigation procedure and disciplinary policy.

### Notice and Posting

10.     Defendant Boston Market Corporation will comply with EEOC's posting requirements and post a poster containing a description of the Federal laws prohibiting job discrimination based on race, color, sex, national origin, religion, equal pay and disability in each of its facilities, in places visually accessible to applicants and employees of the defendant.

11      Defendant Boston Market Corporation will display a copy of the non-discrimination statement discussed in paragraph 7 in each of its facilities, in places visually accessible to applicants and employees of the defendant.

12.     Within 30 days of the entry of this Decree, defendant Boston Market Corporation will display a copy of the complaint procedure discussed in paragraph 8 in each of its facilities, in places visually accessible to applicants and employees of the defendant.

13.     Within 30 days of the entry of this Decree, defendant Boston Market Corporation will display a remedial Notice pursuant to this Decree in the Ronkonkoma restaurant, attached as Appendix B, in places visually accessible to applicants and employees of the defendant in that restaurant. This Notice will be printed on Boston Market Corporation letterhead.

14.     Defendant Boston Market Corporation's handbook of "Employee Guidelines" has included and will continue to include the statement of non-discrimination discussed in paragraph

7, the complaint procedure discussed in paragraph 8, and the disciplinary policy discussed in paragraph 9.

### Anti-Discrimination Training

15. Within four months from the entry of this Decree, and every year thereafter for the duration of this Decree, defendant Boston Market Corporation will provide no fewer than three hours of training in Federal laws prohibiting discrimination in employment. The content of each of the three trainings is to be approved by EEOC. The EEOC will advise Boston Market whether the content of the three trainings is approved within fourteen (14) days after it receives the content from Boston Market. If the EEOC does not advise Boston Market within fourteen (14) that the training is not approved, the content will be deemed approved. The training is to be conducted by Boston Market's training staff for all of defendant's employees in the area which currently includes the restaurants in Ronkonkoma, Smithtown, Selden, Commack, Shirley, Deer Park and East Islip, New York, and specifically in those restaurants and any additional restaurants operated by Boston Market Corporation that may be opened during the duration of this Decree which are in the same area as any of these restaurants.

    a. Each of these three anti-discrimination employee trainings will cover all areas of discrimination prohibited by laws enforced by the EEOC, but will include special emphasis on disability and sex-based discrimination and harassment, and on retaliation. Mental, emotional, and learning disabilities will be specifically addressed.

    b. Each of these three anti-discrimination employee trainings will inform employees about the complaint procedure discussed in paragraph 8 and the investigation and disciplinary policies discussed in paragraph 9.

   c. Each of these three anti-discrimination employee trainings will review the materials posted by employer in accordance with Federal law and this Consent Decree (discussed in paragraphs 10, 11, 12, and 13).

 16. Also within four months from the entry of this Decree, and every year thereafter for the duration of this Decree, for a total of three trainings, defendant Boston Market Corporation will provide no fewer than two additional hours of training in Federal laws prohibiting discrimination in employment for all present and future management and supervisory employees of defendant in the restaurants in the area described in paragraph 15.

   a. This anti-discrimination management and supervisory employee training will offer an in-depth review of the statement of non-discrimination discussed in paragraph 7 and the complaint procedure discussed in paragraph 8, and will specifically inform managers and supervisors about defendant Boston Market Corporation's investigation and disciplinary policies discussed in paragraph 9.

 7. Defendant Boston Market Corporation will maintain a summary of the topics covered at each training session referenced in Paragraphs 15 and 16 and an attendance sheet identifying the name and job title of the attendees at each session. Within ten business days of each employee and management/supervisory employee training, defendant Boston Market Corporation will forward to EEOC a copy of the summary of the topics covered and attendance sheets from each training session.

 18. Within 30 days, defendant Boston Market Corporation will include in its regular employee training curriculum, notification of content of Federal anti-discrimination laws and defendant's statement of non-discrimination, complaint reporting procedure, and disciplinary policy regarding discriminatory behavior.

## Monetary Damages

19. Within ten (10) days of the entry of this Decree, Defendant Boston Market Corporation shall pay a total of $150,000 pursuant to a separate agreement ("Agreement") between defendant and Christine Gagliardi. EEOC is not a party to that Agreement and is not bound by its terms.

20. Defendant Boston Market Corporation will provide EEOC with copies of the transmittal letters and checks sent pursuant to the Agreement.

21. Defendant Boston Market Corporation will issue tax forms in accordance with the Agreement.

## Duration

22. This Decree shall remain in effect for three years from the date of entry.

SO ORDERED, ADJUDGED AND DECREED this _____ day of _____, 2005.

Dated: New York, NY

Leonard D. Wexler
United States Judge

_Elizabeth Grossman_ *by ELC*
Elizabeth Grossman
Acting Regional Attorney
FOR PLAINTIFF EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
33 Whitehall Street, 5th Floor
New York, NY 10004-2112

Dated   New York, NY
        08/23/2005

_____
Michael Curran
98-120 Queens Boulevard, Suite #1-C
Rego Park, New York 11374


Rappaport, Glass, Greene & Levine, LLP
500 Fifth Avenue
New York, NY 10110

CO-COUNSEL FOR PLAINTIFF-
INTERVENOR CHRISTINE GAGLIARDI


Brown Raysman Millstein Felder & Steiner LLP

_____
Joel L. Finger
Jean L. Schmidt
FOR DEFENDANT
900 Third Avenue
New York, NY 10022

9

<u>Appendix A</u>

<b>Complaint Procedure</b>

Boston Market's Zero Tolerance Policy (the "Policy") states that all claims of harassment or discrimination or other violations of the Policy must be investigated. This means that any complaint of harassment, discrimination or other violation of the Policy, however made, is subject to the following procedure:

1. A claim of harassment or discrimination or other violation of the Policy may be reported to a restaurant General Manager, an Area Manager, a Human Resources representative or on a toll free telephone number established for this purpose and manned by a Human Resources professional. The person receiving a claim on the toll free number will report it to the appropriate Human Resources representative and to the Legal Department.

2. Human Resources and/or the Legal Department will be responsible for conducting an investigation of any claim with assistance from the General Manager or the Area Manager as appropriate to the claim. The investigation will commence as soon as possible after the claim is made. If appropriate, the person accused of the alleged inappropriate behavior may be suspended during the investigation of the claim.

3. The individual who made the claim will be asked to describe in writing what occurred and will be interviewed to learn the facts surrounding the claim. The individual will be advised that while Boston Market cannot guarantee complete confidentiality, the investigation will be conducted in as confidential a manner as possible under the circumstances. The individual also will be told that Boston Market has a policy prohibiting retaliation, and that if he or she believes that they have been treated differently as a result of coming forward, he or she should report their concern immediately to Human Resources.

4. Anyone identified as having knowledge of what allegedly occurred will be interviewed and generally asked to give a written statement as to the facts of what he or she saw, heard or experienced. The individual will be advised that the investigation is a confidential matter and that he or she should not discuss it or anything said during the interview with anyone else. The individual also will be told that Boston Market has a policy prohibiting retaliation, and that if he or she believes that they have been treated differently as a result of participating in the investigation, he or she should report their concern immediately to Human Resources.

5. The CCTV system will be reviewed to ascertain whether anything was captured by the cameras. If so, a copy of the relevant portions of the CCTV will be made and preserved.

6. The employee who is accused of the Policy violation will be interviewed and given the opportunity to respond to the claims and explain his or her behavior.

7. A determination will be made by Human Resources and/or the Legal Department whether a violation of the Policy has occurred. If it cannot be determined if a violation occurred, the individual who is accused of the Policy violation will be advised of the determination. The individual also will be reminded of the Policy and advised that if the company receives another complaint he or she may be subject to disciplinary action.

8. If the investigation reveals that a violation of the Policy has occurred, the individual will be disciplined. The specific disciplinary action will depend upon the severity of the violation and the manner in which similar violations have been handled in the past. Any such decision must be cleared by Human Resources and/or the Legal Department.

9. The individual making the claim will be told when the investigation has been completed. If the claim is found to have merit, the individual also will be told that appropriate action has been taken. If it could not be determined whether there was a violation of the Policy, the individual making the claim will be told that the individual accused of the Policy violation has been reminded of Boston Market's policy and warned about future conduct. The individual making the claim will be reminded about Boston Market's policy prohibiting retaliation and advised again to speak to Human Resources immediately if he or she believes that they have been treated differently as a result of coming forward.

10. Any documents, including statements generated or collected as part of the investigation, should be collected, placed in a file and sent to the Human Resource representative or Legal Department to be retained

A-2

<u>Appendix B</u>

<b><u>NOTICE</u></b>

This NOTICE to the employees of Boston Market Corporation in the Ronkonkoma restaurant is being posted and provided as part of a Consent Decree between Boston Market Corporation as defendant and the U.S. Equal Employment Opportunity Commission as plaintiff. Boston Market Corporation, as part of the resolution of this matter, will not in this restaurant: discriminate against any individual because of the individual's sex or mental, emotional, or learning disability; engage in harassment toward any employee on the basis of sex or mental, emotional, or learning disability; or engage in related retaliation or constructive discharge against any individual for reporting any such harassment or discrimination.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

3. Boston Market Corporation will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges, cooperated with the U.S. Equal Employment Opportunity Commission, or otherwise opposed employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act.

4. The Equal Employment Opportunity Commission is a federal agency established to eliminate illegal discrimination from the workplace. It maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000 (TTY: 1-800-669-6820). If you believe that you have been discriminated against or harassed in the course of your employment at Boston Market Corporation, or if you believe that you have been retaliated against, you may call The Equal Employment Opportunity Commission to report your complaint. You may visit its website at http://www.eeoc.gov for more information about your rights as an employee and for information on how to file a charge of discrimination.

5 This <u>NOTICE</u> will remain posted until *3 YEARS FROM DATE OF SIGNATURE.*

SIGNED this _____ day of _____, 2005.

_____
Equal Employment Opportunity Officer

*DO NOT REMOVE NOTICE UNTIL <u>3 YEARS FROM DATE OF SIGNATURE.</u>*

B-1